UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RYAN DAVID BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:16-cv-00076-RLY-MPB |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner for the Social Security Administration,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) ) ) ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff, Ryan David Bell, filed this instant action *pro se* to challenge the Social Security Administration Commissioner's decision denying him Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act. On July 25, 2017, the court referred the matter to Magistrate Judge Matthew P. Brookman pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation. (Filing No. 18). On August 14, 2017, the Magistrate Judge filed his Report and Recommendation in which he

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of the Social Security Administration. Nancy A. Berryhill became the Acting Commissioner on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the court may order substitution at any time. *Id.*

1

recommended affirming the decision of the Commissioner stating that the ALJ's decision was based on substantial evidence. (Filing No. 22). Neither party has objected to the Report and Recommendation.[2] Consequently, the court reviews the Report and Recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Having considered the parties' arguments, the ALJ's decision, and the Report and Recommendation, this court is satisfied that the Magistrate Judge did not commit clear error.

Therefore, the court **ADOPTS** the Report and Recommendation (Filing No. 22) and **AFFIRMS** the decision of the ALJ.

**SO ORDERED** this 15th day of September 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Ryan David Bell
309 S.E. First St.
Loogootee, IN 47553-2006

---

[2] Plaintiff was informed of his right to file a Response to Defendant's Brief in Support of the Commissioner's decision by August 10. (Filing No. 21). On August 15, five days after Plaintiff's response was due and one day after the Report and Recommendation was filed, Plaintiff filed his Response. Because the Response was filed past the deadline, the court cannot consider it. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (pro se litigants are not excused from compliance with procedural rules) (citations omitted); *see also Raven v. Madison Area Technical College*, 443 Fed.Appx. 210, 212 (7th Cir. 2011) ("Although we liberally construe pro se filings, we do not enlarge filing deadlines for them") (citations omitted). Even if the court construed Plaintiff's Response as an objection to the Report and Recommendation, the court would reach the same decision as the Magistrate Judge, for reasons stated in the Report and Recommendation, as the ALJ's decision was supported by substantial evidence. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017).

Distributed Electronically to Registered Counsel of Record.